Fraser *v.* Ward.

# City Court.

### *General Term—February,* 1887.

## ALEXANDER FRASER *against* CHARLES E. WARD.

When an order made at special term relates wholly to a fund belonging to the attorney, and the attorney is defeated, he, and· not the client, should appeal from the order. If, however, the order is correctly described, and is subscribed by the attorney interested, the notice of appeal may he amended in form, so as to give the court power to eview the order on the merits.

Motion for re-argument of appeal.

*E. P. Wilder,* for motion.

*Flanders & Tuttle,* opposed.

McADAM, Ch. J.—A re-argument is applied for on the ground that the appeal herein was taken by the plaintiff, who has no interest in the order appealed from, when it should have been taken by his attorneys, who alone were interested therein.

The appeal is taken " by the plaintiff," but it is subscribed by the attorneys, who are the parties in interest.

The notice correctly describes the order appealed from, gives its date and purport; so that an appeal from the particular order in question, signed by the parties in interest, was certainly taken. It is informal only in stating that " the plaintiff " appeals, instead of declaring that " they," the attorneys, appeal.

An error of a more serious character was disregarded in McLachlin *v.* Brett (27 *Hun,* 18). In that case the appellants, claiming to have become the owners of the cause of action, moved to have the action revived and continued in their names as successors in interest of the de-

ceased plaintiffs. The motion was denied at special term. In the notice of appeal, the appellants inserted their names *instead of the names of the original plaintiffs.* The general term on the hearing of the appeal, *held*, that if the notice was not sufficient, the general term had the power to amend the assumed title to the original title of the action so as to cure the alleged defect. The general term not only asserted the existence of the power, but declared that it was *its duty* to allow the amendment under the circumstances, the parties in interest being before the court, though perhaps informally. The same duty falls upon us. The general term in that case declined to dismiss the appeal, and reversed the order appealed from, upon the merits. Unless it is to be believed that, for some reason or other, this court must be more technical and exacting than the supreme court, its rules of practice ought to be a safe guide for this court to follow.

Under the circumstances, the notice of appeal may be amended *nunc pro tunc*, by inserting therein as appellants the names of the attorneys, the real parties in interest; the costs of appeal allowed in the original order of affirmance will be stricken out, and the motion for re-argument denied, without costs.

Settle order on three days' notice.

NEHRBAS, J., concurs.